# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ST. JOHN BROOKLYN, LLC,<br><br>        Plaintiff,<br>v.<br><br>SHIRLY ROQUE, DAVID COHEN, DAVID COHAN, ELI COHEN, ILAN DAVID AVITSEDEK, YANAY SHARAN a/k/a SHARAN YANAY a/k/a SHARON YANAY, KIMBERLY BURNEYY, ROGER FRANCIS, GINA FRANCIS a/k/a FINA CAMPBELL, NEW WORLD ABSTRACT, INC.,<br><br>        Defendants. | Civil Action No.<br><br>2:18-CV-11398-CCC-SCM<br><br>**OPINION AND ORDER ON DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT**<br><br>[D.E. 13] |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Defendants David Cohen, David Cohan, Eli Cohan, Ilan David Avitsedek, Yanay Sharan a/k/a Sharan Yanay a/k/a Sharon Yanay ("the Cohan Defendants") motion to set aside default entry.[1] Plaintiff St. John Brooklyn, LLC ("St. John") filed an opposition to this motion.[2] The Honorable Claire C. Cecchi, United States District Judge, referred the instant matter to the undersigned on September 13, 2018 for report and recommendation.[3] After considering the parties' submissions without oral argument and for the reasons set forth herein, the Motion to Vacate Default Entry is **GRANTED**.

---

[1] (ECF Docket Entry ("D.E.") 13).

[2] (D.E. 16, Def.'s Opp'n).

[3] Local Civil Rule 72.1(a)(2).

I.      **BACKGROUND AND PROCEDURAL HISTORY**[4]

In this Racketeer Influenced and Corrupt Organizations Act ("RICO") case, St. John alleges the Cohan Defendants were part of an "enterprise formed to defraud creditors."[5] St. John states that "Defendants stole thousands of dollars and equity from unknowing mortgage lenders… in a… mortgage scam,"[6] that involved "faking real estate sales and mortgage loan transactions and then selling the properties secured… without paying transfer taxes or satisfying the loans."[7] The dates are somewhat confused in this case, St. John suggests that the the Cohan Defendants were aware that the action was filed after service of process on July 10, 2018[8] but that on July 23, 2018 the Cohan Defendants' telephoned St. John to "demand" the complaint be withdrawn.[9] The Cohan Defendants' conversely state that they were served on July 20, 2018[10] and telephoned St. John on July 25 to ask that the complaint be withdrawn.[11] Subsequently, St. John incorrectly motioned for default entry on August 2, 2018.[12] The Clerk dismissed this motion, but entered default on August

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of these motions only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 16, Pl. Br. in Opp'n, at 2).

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] (D.E. 13-12, Def.'s Br. in Supp., at 10).

[11] *Id.* at 11.

[12] (D.E. 10, Pl. Mot. for Default).

8, 2018. The Cohan Defendants filed their motion to vacate the default entry on August 22, 2018[13] and Plaintiff filed their opposition on September 13, 2018.[14]

## II. LEGAL STANDARD

Federal Rule 55(a) states that the clerk must enter default "when a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend" against the action.[15] Further, Federal Rule 55(c) states that "the court may set aside an entry of default…for good cause."[16] The Third Circuit "has left the decision to vacate the entry of default to the sound discretion of the trial court."[17] The Court must consider three factors in exercising its discretion to vacate a default judgement; (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct.[18] Any doubtful cases are "to be resolved in favor of the party moving to set aside the default judgement so that cases may be decided on the merits."[19] Based on this standard, the Court determines that the default should be vacated.

---

[13] (D.E. 13, Def.'s Mot. to Vacate).

[14] (D.E. 16, Pl. Br. in Opp'n).

[15] Fed. R. Civ. P. 55(a); *see also Mujaddid v. Wehling*, No. 12-7750, 2016 WL 310742 at *4 (D.N.J. Jan. 25, 2016).

[16] Fed. R. Civ. P. 55(c); *see also Mujaddid v. Wehling*, No. 12-7750, 2016 WL 310742 at *4 (D.N.J. Jan. 25, 2016).

[17] *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

[18] *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-95 (3d. Cir, 1984).

[19] *Id.* at 195; *see also Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 245; *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 122 (3d Cir 1983); *Feliciano v. Reliant Tooling Company, Ltd.,* 691 F.2d 653, 656 (3d Cir 1982); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982).

## III.   DISCUSSION

### (A) St. John will not be Prejudiced

St. John will not be prejudiced if the default is set aside. Prejudice may be shown if "the non-defaulting party's ability to pursue the claim has been hindered since the entry of the default judgment."[20] Prejudice, with respect to a motion to vacate default entry, "concerns the loss of available evidence, whether there is increased potential for collusion of fraud, and whether the plaintiff substantially relied upon the default."[21] Here, St. John makes no argument that it relied on the default entry, or that it will suffer a loss of evidence that may prejudice its claim if the default is vacated. Furthermore, St. John commenced this action a little over two months ago on July 5, 2018 and served the Cohan Defendants some time before the end of that month. Thus, vacating default for the Cohan defendants should not delay or set back the case. For all of these reasons, the Court finds that St. John will not be prejudiced by vacating default.

### (B) Defendants have a Meritorious Defense

The Cohan Defendants have a plausibly meritorious defense in this case. The Court considers "whether the defendant has alleged facts which, if established at trial, would constitute a meritorious defense to the cause of action."[22] The Cohan Defendants only have to allege that

---

[20] *Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Riccelli Premium Produce, Inc.*, No. 09-6455, 2010 WL 4810618 at *1 (D.N.J. Nov. 19, 2010); *see also Feliciano,* 691 F.2d at 657.

[21] *Clauso v. Glover*, No. 09-05306, 2010 WL 3169597, at *1 (D.N.J. Aug. 11, 2010) (quoting *Feliciano,* 691 F.2d at 657).

[22] *Teamsters Health & Welfare Fund of Philadelphia and Vicinity*, 2010 WL 4810618 at *1; *see also Feliciano,* 691 F.2d at 657 (quoting *Cent. W. Rental Co. v. Horizon Leasing,* 967 F.2d 832, 836 (3d Cir. 1992).

2

"they have a defense to the action which at least has merit on its face."[23] Defendants assert multiple defenses in their brief including the fact that the statute of limitations has run for many of St. John's claims, that St. John's claims fail to state a cause of action, and St. John's lack of standing. This Court determines based on the defenses stated in their brief that the Cohan Defendants have met their burden of establishing meritorious defenses.

### (C) Default was not the Result of Defendant's Culpable Conduct

"In considering whether [the] defendant's culpable conduct led to the default, the Court must evaluate the culpability as more than mere negligence."[24] The culpable conduct standard can be satisfied by "reckless disregard for repeated communications from [the] plaintiffs and the Court."[25] However, this Court has stated that "[a] mere breakdown in communication among the defaulting party's counsel warrants favorable review."[26] The Cohan Defendants articulate that their failure to answer was an "oversight" and "misunderstanding"[27] According to St. John and the Cohan Defendants, one phone call was made in which respective parties reached different conclusions as to the result.[28] This sole conversation between the parties does not rise to the level

---

[23] *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d. Cir. 1987).

[24] *Hritz v. Woma Corp.,* 732 F.2d 1178, 1883 (3d Cir. 1984); *see also Emcasco Ins. Co.,* 834 F.2d at 75.

[25] *Teamsters Health & Welfare Fund of Philadelphia and Vicinity*, 2010 WL 4810618 at *2 (quoting *Hritz,* 732 F.2d at 1883).

[26] *Teamsters Health & Welfare Fund of Philadelphia and Vicinity*, 2010 WL 4810618 at *2; *see also Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987); *Gross,* 700 F.2d at 124.

[27] (D.E. 13-12, Def.'s Br. in Supp., at 20).

[28] (D.E. 13-12, Def.'s Br. in Supp., at 11) (stating that Defendants asked for the Complaint to be withdrawn due deficiencies coupled with improper venue); *see also* (D.E. 16, Pl. Br. in Opp'n, at

of "reckless disregard" for "repeated" communications.[29]  As such, the Cohan Defendants' default was not caused by their own culpable conduct.

IV.     **CONCLUSION**

For the foregoing reasons, the Motion to Vacate Default Entry is **GRANTED**. An appropriate Order follows:

**ORDER**

**IT IS** on this Monday, November 19, 2018,

1. **ORDERED**, that the Motion to Vacate Entry of Default is **GRANTED;** and it is further

2. **ORDERED**, that a Rule 16 scheduling conference shall be held on January 17, 2019 at 10:00 A.M**.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/19/2018 9:58:13 AM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
     File

---

3) (stating that Defendants called Plaintiff solely to acknowledge that the action was filed and to "demand" the Complaint be withdrawn).

[29] *Teamsters Health & Welfare Fund of Philadelphia and Vicinity*, 2010 WL 4810618 at *2 (quoting *Hritz,* 732 F.2d at 1883).